IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY ELLEN HEARD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| | * | |
| vs. | * | No. 2:10cv00180 SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| HELENA-WEST HELENA SCHOOL DISTRICT, | * | |
| | * | |
| | * | |
| Defendant. | * | |

ORDER

Plaintiff Nancy Heard brings this *pro se* employment discrimination action against defendant Helena-West Helena School District alleging violations of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 *et seq*.[1] Before the Court is defendant's motion for summary judgment [doc.#39]. Plaintiff has not responded to defendant's motion and the time for doing so has long since passed. Having considered the matter, the Court

---

[1] Although plaintiff filed her complaint using a form "Complaint under Title VII of the Civil Rights Act of 1964," plaintiff's complaint and Charge of Discrimination filed with the Equal Employment Opportunity Commission (EEOC) make clear that she is not proceeding under Title VII but rather is alleging violations of Title I of the ADA. Plaintiff also named as a defendant the Arkansas Department of Education. In this Court's Order [doc.#4] that granted plaintiff's motion for leave to proceed *in forma pauperis* , the Court noted that plaintiff may not proceed against the Arkansas Department of Education under Title I of the ADA as states and their agencies, of which the Arkansas Department of Education is one, enjoy sovereign immunity from lawsuits seeking money damages that are filed pursuant to Title I of the ADA, which prohibits employment discrimination on the basis of disability. Accordingly, the Court *sua sponte* dismissed the Arkansas Department of Education as a defendant (noting as well that plaintiff's EEOC charge only listed Helena-West Helena School District as a defendant and that plaintiff failed to set forth any allegations whatsoever against the Arkansas Department of Education). The Court noted, however, that under Arkansas law, school districts are not considered part of state government for purposes of sovereign immunity under the Eleventh Amendment, and so plaintiff's ADA action against separate defendant Helena-West Helena School District was allowed to proceed.

grants defendant's motion for summary judgment.

I.

Defendant moves for summary judgment on grounds that plaintiff has failed to establish a genuine issue of material fact regarding whether plaintiff was disabled, was able to perform her job either with or without a reasonable accommodation, that defendant discriminated against her because of any purported disability, that plaintiff made any request for a reasonable accommodation, or that defendant refused any request for a reasonable accommodation. Defendant states plaintiff was terminated because she was unable to perform her essential job functions, was excessively absent, failed to notify defendant either in advance or in a timely manner when she was absent, left work without signing out or informing anyone where she was going, refusing to accept criticism or feedback regarding her job performance, and failed to ever provide defendant any notice of when she could return to work until after she had already been terminated.

A.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The nonmoving party must respond by submitting evidentiary materials that set out "'specific facts showing ... a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56(e)). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita*, 475 U.S. at 587 (citations omitted). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citation and quotation marks omitted). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*[2]

B.

In not responding to defendant's motion for summary judgment, plaintiff has not contested the arguments defendant has set forth in its motion that it states entitles it to summary judgment. Accordingly, plaintiff has waived those arguments. See *Satcher v. University of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) (a "failure to oppose a basis for summary judgment constitutes a waiver of that argument").

In addition, plaintiff has failed to file, pursuant to Rule 56.1 of the Local Rules of the

---

[2] "There is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc). "Because summary judgment is not disfavored and is designed for 'every action,' panel statements to the contrary are unauthorized and should not be followed." *Id.*

United States District Court for the Eastern and Western Districts of Arkansas, a statement of the material facts as to which she contends a genuine issue exists to be tried. Plaintiff has thus admitted the facts as set forth by defendant in its Statement of Undisputed Facts [doc.#40] as to which it contends there is no genuine issue to be tried.[3] Accordingly, the facts as described in defendant's motion for summary judgment are the undisputed facts of this case. See *Beavers v. Bretherick*, 227 Fed.Appx. 518 (8th Cir. 2007) (citing Local Rule 56.1(c) in concluding that the facts as described in unopposed motion for summary judgment are the undisputed facts of the case).[4]

C.

The familiar *McDonnell Douglas* burden-shifting framework applies in ADA cases. *Kosmicki v. Burlington Northern & Santa Fe R. Co.*, 545 F.3d 649, 651 (8th Cir. 2008) (citation omitted). Under this framework, an employee is first required to make out a *prima facie* case by proving that she was disabled within the meaning of the ADA, that she was qualified to perform the essential functions of her job, and that she suffered an adverse employment action because of her disability. *Id*. Once an employee presents a *prima facie* case of discrimination, the employer

---

[3] Local Rule 56.1(a) provides that "[a]ny party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine issue to be tried." Paragraph (b) of the rule provides that "[i]f the non-moving party opposes the motion it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine issue exists to be tried." Paragraph (c) of the rule provides that "[a]ll material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)."

[4] By Order entered November 22, 2010 [doc.#5], the Court informed plaintiff that she is required to be familiar and comply with all the Federal Rules of Civil Procedure as well as the Local Rules of this Court and that failure to so comply can result in the dismissal of her claim. The Court noted that the Federal Rules of Civil Procedure are available in many libraries and bookstores, that the Local Rules can be obtained from the Clerk of the Court for the Eastern District of Arkansas, and that said rules may also be accessed from the internet website of the United States District Court for the Eastern District of Arkansas.

must articulate a legitimate, nondiscriminatory reason for the discharge. *Id*. Once an employer presents such evidence, the burden shifts back to the employee to produce evidence that the employer's stated reasons are a pretext for discrimination. *Id*.

As set forth in defendant's unopposed motion for summary judgment and statement of material facts as to which it contends there is no genuine issue to be tried, plaintiff is unable to show a violation of the ADA. Plaintiff does not dispute defendant's claim that she was terminated, or non-renewed, because she was unable to perform her essential job functions, was excessively absent, failed to notify defendant either in advance or in a timely manner when she was absent, left work without signing out or informing anyone where she was going, refused to accept criticism or feedback regarding her job performance, and failed to ever provide defendant any notice of when she could return to work until after she had already been terminated. Defendant, then, has set forth legitimate, non-discriminatory reasons for plaintiff's termination and plaintiff has not produced evidence that defendant's stated reasons are a pretext for discrimination.

Moreover, plaintiff does not dispute defendant's claim that the undisputed evidence, including the medical certifications provided by plaintiff, establishes that she could not perform her essential job functions and duties and could not work at all. An employee who is unable to come to work on a regular basis is unable to satisfy any of the functions of the job in question, much less the essential ones. *Pickens v. Soo Line R.R. Co.*, 264 F.3d 773, 777 (8th Cir. 2001).

II.

For the foregoing reasons, the Court grants defendant's motion for summary judgment in its entirety and will enter judgment accordingly.

IT IS SO ORDERED this 29th day of December 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE